UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**EVELYN CHARLENE SMITH,**

    **Plaintiff,**

v.                                       **CASE NO. 5:13-cv-245-RS-GRJ**

**ERIC HOLDER, ATTORNEY GENERAL
OF THE UNITED STATES,**

    **Defendant.**
_____/

## ORDER

Before me are Defendant's Motion to Dismiss, and in the Alternative, Motion for Summary Judgment (Doc. 37) and Plaintiff's Response and Memorandum in Opposition to Defendant's Motion to Dismiss and Motion for Summary Judgment (Doc. 52).

## BACKGROUND

Plaintiff is a white female. During the time at issue, she worked as a Supervisory Correctional Systems Specialist at the Federal Correctional Institution in Marianna, Florida ("FCI Marianna"). She has been with the Correctional Systems Department for twenty-six years. Plaintiff handles the mail room, judgment and commitment files, and processing inmate entry and release. Also during the time relevant to the complaint, Plaintiff's first and second level

supervisors were Case Management Coordinator Elmira Bowers-Long and Associate Warden Neil Robinson.

On September 27, 2011, Plaintiff filed a formal complaint of discrimination alleging discrimination based on race, sex, and retaliation when on July 29, 2011, she was issued a sick leave abuse letter; in July 2011, she was removed from her timekeeping and attendance duties; in September 2011, she was removed from department head emails; and she was denied supplies for performing her supervisory duties. Plaintiff alleges Ms. Bowers-Long is responsible for the discrimination.

On April 24, 2008, Plaintiff was a witness in a complaint of discrimination. She claims this was a protected activity, and she was retaliated against because of it.

On June 29, 2011, Plaintiff was issued a sick leave abuse letter, which required Plaintiff to submit medical certification for all the sick leave she used during a three month time. This was issued after Plaintiff's attendance records were audited and a pattern of sick leave being used in conjunction with days off was noticed. Defendant also claims that another correctional officer was also audited at this time. After the letter was issued, Plaintiff spoke to Associate Warden Robinson and explained why the sick leave used. On September 9, 2011, the sick leave abuse letter was rescinded.

Sometime in September 2011, Plaintiff was removed from the Department Head email list. However, other non-department heads were on the list, and eventually Associate Warden Robinson returned Plaintiff to the list.

On June 17, 2011, a time and attendance audit was conducted by the Human Resources Department. At the time, Plaintiff was responsible for entering time and attendance into the system. The audit revealed several errors in entering the amount of leave used or failing to enter any use of leave at all. Plaintiff was removed from her time and attendance duties. Timetrius Rivers, a black female, was assigned the duties for two months before Sheryl Zielenski, a white female, ultimately took over.

On October 21, 2011, Plaintiff received her performance work plan for the previous year. Ms. Bowers-Long was the rating official. Plaintiff's rating summary was a 300 or Achieved Results. The year before, she received a rating summary of 380 or Excellent. However, the evaluation took into account an increased number of performance measures.

Plaintiff was denied a request to work compensatory time in order to assist in processing inmate releases due to the Crack Law Retroactivity Implementation. Corrrectional systems officers, who are members of the bargaining unit, were approved overtime. According to the Master Agreement, bargaining unit employees receive first consideration for overtime consideration.

On April 3, 2013, the U.S. Department of Justice, Complaint Adjudication Office ("CAO"), issued a final agency decision, finding Plaintiff was subjected to a hostile work environment because of her race and/or her protected activity. The final decision requested more information to determine compensatory damages. Plaintiff provided supporting documentation on July 10, 2013, and July 24, 2013. However, before the agency could decide the issue, Plaintiff filed her complaint in federal court. On July 31, 2013, the agency notified Plaintiff that the matter had been administratively closed because Plaintiff elected to pursue the issue in federal court.

## 1.  MOTION TO DISMISS
### STANDARD OF REVIEW

Federal courts must always have subject matter jurisdiction to hear a case. "Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms. 'Facial attacks' on the complaint 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.' 'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.' " *Lawrence v. Dunbar*, 919 F.3d 1525, 1528-29 (11th Cir. 1990) (internal citations omitted).

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Id.* (citation omitted). The attack in this case is factual.

## ANALYSIS

Defendant argues this Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff failed to exhaust her administrative remedies. The final agency decision was rendered on April 3, 2013. The Complaint Adjudication Office ("COA") requested more evidence to determine compensatory damages and gave Plaintiff 90 days to submit the supplemental materials. However, the COA also included instructions for appealing the decision, which included 90 days to file an appeal with the district court. On June 28, 2013, Plaintiff submitted the supplemental materials to the COA. On July 1, 2013, Plaintiff filed her complaint with the district court, and the COA administratively closed the matter on July 31, 2013, when it learned of the appeal.

> [T]he purpose of exhaustion is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer. Good faith effort by the employee to cooperate with the agency and EEOC and to provide all relevant, available information is all that exhaustion requires.

*Crawford v. Babbitt,* 186 F.3d 1322, 1326 (11th Cir. 1999)(quoting *Wade v. Secretary of the Army,* 796 F.2d 1369, 1377 (11th Cir.1986)). Because the dates for Plaintiff to respond and for Plaintiff to file an appeal were the same and both were complied with, Plaintiff made a good faith effort to cooperate with the agency. Therefore, dismissal would be improper.

## 2. SUMMARY JUDGMENT
## STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However,

a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party.  *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

I accept the facts in the light most favorable to Plaintiff.  *See Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1343 n.1 (11th Cir. 2002)).  " 'All reasonable doubts about the facts should be resolved in favor of the non-movant.' "  *Id.* (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368-69 (11th Cir. 1982).

## ANALYSIS

According to *McDonnell Douglas Corp. v. Green*, Plaintiff bears the initial burden of presenting sufficient evidence to allow a reasonable jury to determine that she satisfied the elements of her prima facie case.  411 U.S. 792, 802 (1973). To establish a *prima facie* case for race discrimination, a plaintiff must show "(1) she is a member of a protected class; (2) she was subject to an adverse employment action; (3) her employer treated similarly situated employees outside of her protected class more favorably than she was treated; and (4) she was qualified to do the job." *Burke-Fowler v. Orange County, Florida*, 447 F.3d 1319, 1323 (11th Cir. 2006). The burden then shifts to Defendants to advance a legitimate, non-

discriminatory reason for Plaintiff's termination. *McDonnell Douglas Corp.,* 411 U.S. at 802. If Defendants can articulate a legitimate basis for termination, then the burden shifts back to Plaintiff to prove that the reason is pretextual. *McDonnell*, 411 U.S. at 802.

To establish a prima facie case of retaliation under Title VII, Plaintiff must show that (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there is some causal relation between the two events. *Thomas v. Cooper Lighting, Inc.,* 506 F.3d 1361, 1363 (11th Cir. 2007). If Plaintiff can establish a prima facie case, the burden shifts to Defendant to articulate legitimate reasons for the adverse employment action, a burden that is "exceedingly light." *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1021 (11th Cir. 1994). The burden would then shift back to Plaintiff to demonstrate that Defendant's proffered explanations are pretextual. *Id.*

In this case, Plaintiff did not meet her burden of proving she suffered an adverse employment action. "Petty slights or minor annoyances that often take place at work" do not constitute adverse employment actions. *Burlington Northern & Sante Fe Railroad Co. v. White*, 548 U.S. 53, 68 (2006). Additionally, "personality conflicts at work that generate antipathy and snubbing by supervisors and co-workers" are also not considered adverse employment actions." *Id.* The Eleventh Circuit has held that:

> Whatever the benchmark, it is clear that to support a claim under Title VII's anti-discrimination clause the employer's action must impact the "terms, conditions, or privileges" of the plaintiff's job in a real and demonstrable way. Although the statute does not require proof of direct economic consequences in all cases, the asserted impact cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment. We therefore hold that, to prove adverse employment action in a case under Title VII's anti-discrimination clause, an employee must show a serious and material change in terms, conditions, or privileges of employment. Moreover, the employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances.

*Davis v. Town of Lake Park, Florida*, 245 F.3d 1232, 1239 (11th Cir. 2001). To meet this standard, a reasonable employee must have found the actions materially adverse. *Burlington*, 548 U.S. at 68.

The sick leave abuse letter was rescinded, and Plaintiff suffered no adverse consequences from it. Plaintiff was removed from an email list, but was eventually put back on it. The Eleventh Circuit has made it clear that reassignment of job duties will rarely be considered materially adverse without economic ramifications, which Plaintiff did not encounter. *Davis*, 245 F.3d at 1239. None of the actions Plaintiff faced rise to materially adverse employment actions. Therefore, both of Plaintiff's claims fail because she did not show she suffered an adverse employment action.

## CONCLUSION

Defendant's Motion to Dismiss, and in the Alternative, Motion for Summary Judgment (Doc. 37) is **DENIED in part and GRANTED in part**. Defendant's Motion for Summary Judgment is granted. The Clerk is directed to close the case.

**ORDERED** on August 6, 2014.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**
